# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CURTIS KELLER v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lauderdale County
### No. 6591   Joe H. Walker, III, Judge

---

### No. W2012-02078-CCA-R3-HC  - Filed January 11, 2013

---

The Petitioner, Curtis Keller, appeals the Circuit Court of Lauderdale County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

ALAN E. GLENN,  J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Curtis Keller, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

A Shelby County jury convicted the Petitioner of attempted especially aggravated kidnapping, especially aggravated burglary, employing a firearm during the commission of a dangerous felony, two counts of especially aggravated kidnapping, and three counts of aggravated assault.  Following a sentencing hearing on February 28, 2012, the trial court ordered the Petitioner to serve an effective sentence of 240 years as a persistent offender at 45%.

On August 7, 2012, the Petitioner filed a petition for writ of habeas corpus in which

he alleged that his judgments of conviction were void because the State failed to obtain an affidavit of complaint or an arrest warrant before seeking an indictment. He also alleged that the indictment on the two counts of especially aggravated kidnapping only alleged the offense of aggravated kidnapping and was, therefore, void. On August 8, 2012, the trial court entered an order denying relief. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner asserts that his convictions are void because the prosecution was

commenced by an indictment and not by an arrest warrant accompanied by an affidavit of complaint. An indictment, however, is one of the methods by which prosecution may commence. See T.C.A. § 40-2-104. The issuance of an indictment requires a probable cause determination by the grand jury. See Tenn. R. Crim. P. 6.

With regard to the claim of a void indictment, as noted by the trial court, the Petitioner failed to attach the indictment to his petition for writ of habeas corpus. The Petitioner contends that he was never shown the indictment and that, as a result, he was unable to know the exact nature of the charges against him. The Petitioner did not raise this issue in his petition for writ of habeas corpus, and the trial court did not consider this issue. Therefore, the issue is waived. State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). There is no indication that the Petitioner's convictions are void or that his sentence of imprisonment has expired. See Archer, 851 S.W.2d at 164. Accordingly, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE